IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARLEY MCCULLAR, et al.,

    Plaintiffs,

v.                                                                            CV No. 19-03 SMV/CG

PECOS VALLEY OF NEW MEXICO, LLC, et al.,

    Defendants.

## ORDER GRANTING IN PART MOTION TO COMPEL

**THIS MATTER** is before the Court on Plaintiff's *Motion to Compel Insurance Policies* (the "Motion"), (Doc. 38), filed June 4, 2019; *Pecos Valley of New Mexico, LLC's Response to Plaintiffs' Motion to Compel Insurance Policies* (the "Response"), (Doc. 46), filed June 11, 2019; and *Plaintiff's Reply in Support of Her Motion to Compel Insurance Policies* (the "Reply"), (Doc. 47), filed June 13, 2019. Having reviewed the Motion, Response, Reply, record of the case, and relevant law, the Court finds the Motion shall be **GRANTED IN PART**.

In their Motion, Plaintiffs ask the Court to order Defendant Pecos Valley of New Mexico, LLC ("Pecos Valley") to provide all insurance agreements that may be required to satisfy any judgment or settlement in this case. (Doc. 38 at 1). Plaintiffs state that Defendants have only provided Defendant Dr. Good's Certificate of Liability Insurance, but have not produced the entire insurance agreement. Plaintiffs state that Defendants have taken the position that the policy must be produced pursuant to a protective order. *Id.* at 2. However, Plaintiffs will only agree to a protective order if Defendants produce all insurance policies that might apply to Plaintiffs' claim—not just Dr. Good's policy. *Id.* at 2-3. Further, Plaintiffs state that Pecos Valley's insurance policy is particularly

relevant to the issue of whether Pecos Valley was a qualified healthcare provider, which is disputed by the parties. *Id.* at 4-5. For example, Plaintiffs state the insurance policies will show whether Pecos Valley complied with the statutory requirement that only "occurrence policies" may be written for qualified healthcare providers. *Id.* at 4.

In Response, Defendants argue that both Pecos Valley and Dr. Good are qualified healthcare providers whose liability is limited by the Medical Malpractice Act to $600,000. (Doc. 46 at 1). Therefore, Defendants state the only applicable policy is a policy issued by Preferred Professional Insurance Company ("PPIC"), which provides coverage up to the cap. *Id.* at 2. Defendants state they are willing to produce the PPIC policy in its entirety, but only pursuant to a protective order because information in the policy is proprietary. *Id.* at 2-3. Defendants attach a copy of their proposed protective order to their Response. (Doc. 46-2).

Plaintiffs argue in their Reply that Defendants should be required to produce all insurance policies under which Pecos Valley is a named insured, as required by Fed. R. Civ. P. 26(a)(1)(A)(iv). (Doc. 47 at 1-5). Moreover, Plaintiffs contend all of Pecos Valley's insurance policies are relevant to the issue of whether Pecos Valley was a qualified healthcare provider during the relevant time period, and will be necessary for the Court to determine this issue. *Id.* at 2-3. Additionally, Plaintiffs argue that Pecos Valley has not set forth good cause for entry of a protective order because it does not state how the information in the insurance policies constitutes confidential information. *Id.* at 5-8. Plaintiffs state they would be willing to enter into a protective order that prohibits Plaintiffs from disseminating the insurance policies to Pecos Valley's competitors, but Plaintiffs do not agree to Defendants' proposed protective order because it does not provide for use of the policies in examining witnesses. *Id.* at 7.

Therefore, Plaintiffs argue the proposed protective order is overly broad and should not be entered as it is currently written. *Id.* at 7-8.

Pursuant to Rule 26(a)(1)(A)(iv), a party must provide in its initial disclosures "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Moreover, parties must produce all policies under which they may be liable to satisfy a possible judgment, even if they dispute liability under the policies. *See* Fed. R. Civ. P. 26, Advisory Commentary ("Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. . . . Thus, an insurance company must disclose even when it contests liability under the policy, and such disclosure does not constitute a waiver of its claim.").

Defendants argue they are not required to produce any insurance policies other than the PPIC policy because that policy will provide coverage up to the damages limit. (Doc. 46 at 1-2). However, Defendants' argument relies on their position that Pecos Valley is a qualified healthcare provider whose liability is limited by the Medical Malpractice Act, which is disputed by Plaintiffs. *Id.* Moreover, Plaintiffs argue they need to know the policies in which Pecos Valley is the named insured in order to brief the issue of whether it is a qualified healthcare provider. *Id.*; *see also* (Doc. 21) (Order Setting Briefing Schedule on the issue of whether Pecos Valley is a qualified healthcare provider under the New Mexico Medical Malpractice Act). Therefore, the Court finds that Defendants must produce copies of all insurance policies that may apply to this claim, regardless of Defendants' status as a qualified healthcare provider. While some of these

3

polices may ultimately be irrelevant if the Court finds that Pecos Valley is not a qualified healthcare provider, production of the policies is nevertheless required under Rule 26.

The Court further finds that Defendants' request for a protective order for disclosure of their insurance policies is reasonable. However, Defendants' proposed protective order is overly broad. For example, the proposed order limits disclosure of the insurance policies only to the parties to this case and their counsel, and allows the parties to label any document or information as confidential and prohibit dissemination of that information. (Doc. 46-2 at 2-4, ¶¶ 2, 4, 6, 7, 9). The proposed protective order is overly broad because it does not provide for using the insurance policies in examining witnesses and does not define "confidential information." Therefore, the Court will order the parties to prepare a joint protective order that prevents disclosure of Defendants' insurance policies to persons or entities not involved in this litigation and clearly defines "confidential information" for this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion to Compel Insurance Policies*, (Doc. 38), is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that, by **June 24, 2019,** the parties shall file a joint motion for a protective order as set forth above. When that order is entered by the Court, Defendants shall promptly produce copies of all insurance policies that may be required to satisfy any judgment or settlement in this case regardless of Defendants' status as qualified healthcare providers.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE