# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ARLEY McCULLAR and JOETTA
McCULLAR,

    Plaintiffs,

v.                                                                                                  No. 19-cv-0003 SMV/CG

PECOS VALLEY OF NEW MEXICO, LLC
and DANIEL GOOD,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT PECOS VALLEY OF NEW MEXICO, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON QUALIFIED HEALTHCARE PROVIDER STATUS

THIS MATTER is before the Court on Defendant Pecos Valley of New Mexico, LLC ("Pecos Valley")'s Motion for Partial Summary Judgment on Qualified Healthcare Provider Status [Doc. 61], filed on July 10, 2019. Plaintiffs responded on July 17, 2019. [Doc. 63]. Pecos Valley replied on July 31, 2019. [Doc. 68]. Defendant Dr. Good never responded, and no response from him is needed. The Court held oral argument on the Motion on August 19, 2019. [Doc. 75] (clerk's minutes). The Court has considered the briefing, the relevant portions of the record, the relevant law, and the oral argument. Being otherwise fully advised in the premises, Pecos Valley's Motion is DENIED.

# BACKGROUND[1]

This is a medical malpractice action. On January 19, 2017, Plaintiff Arley McCullar saw Dr. Daniel Good for blurred vision in his right eye. [Doc. 24] (Amended Complaint) at 3. The right eye had intraocular pressure ("IOP") values of "56 and 32mm[#]Hg." *Id.* Plaintiffs contend these "were extremely high IOP values that warranted immediate intervention." *Id.* Dr. Good did not treat Mr. McCullar's elevated IOP values at this appointment. *Id.* at 4. Mr. McCullar returned to Dr. Good on January 25, 2017, where Dr. Good treated him by providing various medications. *See id.* On subsequent visits in January and February of 2017, the IOP values remained elevated. *See id.* By June of 2017, Mr. McCullar had "total blindness in [his] right eye." *Id.*

Mr. McCullar and his wife sued Dr. Good and his employer, Pecos Valley, on January 4, 2019. [Doc. 1]. They filed an Amended Complaint on April 18, 2019. [Doc. 24]. They allege that Dr. Good negligently treated Mr. McCullar by "failing to timely workup and treat [him] and failing to refer [him] to a specialist for immediate treatment." *Id.* at 5. They also contend that Pecos Valley "is vicariously liable for all acts and omissions of . . . Dr. Good." *Id.* Pecos Valley moved for partial summary judgment on July 10, 2019. [Doc. 61].

# LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court must deny summary judgment if a reasonable factfinder could find for the non-movants. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When applying this

---

[1] As Defendant Pecos Valley of New Mexico, LLC moves for partial summary judgment, these facts are taken in the light most favorable to Plaintiffs. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

standard, the court must construe the evidence in the light most favorable to the non-moving party. *Tolan*, 572 U.S. at 657. The party moving for summary judgment has the initial burden of establishing that there is an absence of evidence supporting the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). If the movant meets this burden, the parties opposing summary judgment must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1526 n.11 (10th Cir. 1992).

## ANALYSIS

Pecos Valley argues that it was a qualified healthcare provider under the New Mexico Medical Malpractice Act at the time of the occurrence. [Doc. 61] at 4. If Pecos Valley was a qualified healthcare provider, Plaintiffs' damages are limited to the Act's cap on damages. *Id.*; *see* N.M. Stat. Ann. § 41-5-6 (1992). Because there is, at best, conflicting evidence on whether Pecos Valley was a qualified healthcare provider at the time of the occurrence, the Court will deny the Motion.

To become a qualified healthcare provider, a non-individual provider must meet two requirements. First, it must *either* (a) file with the New Mexico Superintendent of Insurance proof that it has medical malpractice liability insurance worth at least $200,000 per occurrence, *or* (b) submit to the Superintendent a deposit sufficient to cover a maximum of three separate occurrences. § 41-5-5(A)(1). Second, the provider must pay a surcharge set by the Superintendent. *Id.* § 41-5-5(A)(2). The surcharge finances the patient's compensation fund, which in turn covers any judgment or settlement against qualified healthcare providers in excess of $200,000. *Id.* § 41-5-6(D). Thus, in order to receive the benefits of the Medical Malpractice

Act, a provider must obtain the requisite insurance and pay the surcharge. *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 17, 309 P.3d 1047.

There is conflicting evidence as to whether Pecos Valley held the requisite insurance for the relevant time period.[2] On its website, the New Mexico Office of Superintendent of Insurance ("OSI") has no record of Pecos Valley meeting § 41-5-5(A)'s requirements to become a qualified healthcare provider. [Doc. 63-1] at 1. Pecos Valley argues that the OSI website is mistaken, and it has petitioned the OSI to correct this error. [Doc. 61] at 2, 4–5. Pecos Valley claims that it was insured by Preferred Professional Insurance Company ("PPIC"). *See* [Doc. 61] at 4. It relies on a certificate of liability insurance which, it argues, proves that Pecos Valley had insurance coverage of $200,000 per occurrence at the time in question. *Id.* at 4; *see* [Doc. 61-1] at 2. The certificate lists the insured party as follows:

> DANIEL J. GOOD Pecos Valley of New Mexico, LLC dba Eye Center of Southeastern New Mexico
> 5419 North Lovington Hwy., Suite 22
> Hobbs, NM 88240

*Id.* The reference to Pecos Valley appears to be for the purpose of showing Dr. Good's work address. *See id.* Significantly, the schedule of insureds for the policy does not mention Pecos Valley. *See* [Doc. 63-2] at 1–3. It does, however, list Dr. Good as an insured. *Id.* at 2.

Pecos Valley also relies on a letter from the OSI stating that Pecos Valley was a qualified healthcare provider between November 21, 2017, and June 25, 2018. [Doc. 61-6] at 6. But that is well after January and February of 2017, the timeframe in question. *Id.*; *see* [Doc. 24] at 4–5.

---

[2] Pecos Valley only argues that it met the requirement of § 41-5-5(A)(1) because it had the proper insurance; it does not argue that it deposited a sufficient amount of money with the Superintendent to excuse its failure to file proof of insurance. *See* [Doc. 61] at 2–4.

Pecos Valley nonetheless argues that the OSI based its determination in this letter on the fact that Pecos Valley's coverage began in September of 2016—well before the timeframe of the occurrences. [Doc. 61] at 4. Pecos Valley reasons that, if it had the requisite insurance before and after the occurrences, the "only logical conclusion" is that it held that insurance at the time of the occurrences. *Id.* The Court disagrees. This train of logic is insufficient to establish that Defendant was a qualified healthcare provider in January and February of 2017.

As a last resort, Pecos Valley requests that if the Court is inclined to deny the Motion, it defer its ruling until the OSI reviews Pecos Valley's petition to correct the alleged error on its website. [Doc. 61] at 4. The Court will not defer ruling on the Motion simply because Pecos Valley asserts that the OSI website is wrong.

## CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Pecos Valley's Motion for Partial Summary Judgment on Qualified Healthcare Provider Status [Doc. 61] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**